TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00125-CV






Michael Nathan Kashan, individually and d/b/a Sima Mail & Market and d/b/a Discount
City USA and Discount City USA, LLC, a California limited liability company, d/b/a
Sima Mail & Market, Appellant


v.


McLane Company, Inc., a Texas Corporation, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 242,417-B, HONORABLE RICK MORRIS, JUDGE PRESIDING






O R D E R



PER CURIAM

 Appellant has filed a pleading captioned Emergency Motion for Stay and
for Injunctive Relief Against Real Party in Interest. (1) In the motion, he asks this Court to "stay all
post-judgment collection efforts" in the proceedings underlying this appeal. Attached to the motion
is Appellant's declaration stating that he has "not sought a bond on appeal, because [he] has negative
income and assets." Texas Rule of Appellate Procedure 24 provides the methods for suspending
enforcement of a trial court's judgment pending appeal. See Tex. R. App. P. 24 (suspension of
enforcement of judgment pending appeal in civil cases). Appellant admits that he has not filed a
bond to supersede the judgment because he has "negative income and assets." Rule 24, however,
permits a judgment debtor to supersede a money judgment by providing a bond, deposit, or security
in an amount that does not exceed the lesser of 50 percent of the judgment debtor's current net worth
or $25 million. See Tex. R. App. P. 24.2(a)(1)(A). Appellant has not followed the proper procedure
for obtaining the relief he seeks. Accordingly, the motion is denied.

 It is ordered February 23, 2012.


Before Chief Justice Jones, Justices Pemberton and Henson

1. Appellant purports to file the motion pursuant to Texas Rule of Appellate Procedure
52.10(a). See Tex. R. App. P. 52.10(a) (relator in original proceeding may file motion to stay
underlying proceedings or for any other temporary relief pending court's action on petition). 
Because Appellant is not a "relator in an original proceeding" he is not entitled to seek the relief
afforded by rule 52.10(a).